**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTEZ SALAMASINA TUIA OTTLEY,

    Petitioner,

  vs.

SHEILA CLARK, Warden,

    Respondent.

                                     /

No. C 06-6086 PJH (PR)

**ORDER DENYING OBJECTIONS AND EXTENDING TIME**

       This case was opened when petitioner, a federal prisoner, filed a document headed "Complaint, Summons to Issue in the Nature of a § 16-1901 *et seq.* Writ of Habeas Corpus per District of Columbia Code." She was convicted in the District of Hawaii and is housed in this district.

       Section 16-1901 of the District of Columbia Code applies to petitions for habeas corpus filed by "persons within the district." D.C. Code § 16-1901 (2007). Petitioner is confined in this district, not the District of Columbia, so the cited code section is inapplicable. She does, however, request release from custody, along with damages, so the court has treated the paper as a petition for a writ of habeas corpus despite the inapplicability of the cited code section.

       In the initial review order the negligence and damages claims were dismissed and the habeas claims were dismissed with leave to amend. Petitioner was given thirty days to file an amended petition containing only the habeas claims and which would "clearly set out how, as to each ground, petitioner contends her rights were violated." She was warned that "her conviction, as opposed to the execution of her sentence, can be attacked only by

1  way of a motion under 28 U.S.C. § 2255 filed in the district of conviction."

2  Rather than file an amendment, petitioner has filed what she calls "Plaintiff's Verified
3  Notice of Objection in Response to Court's Erroneous Dismissal and Dismissal with Leave
4  to Amend Filed April 9, 2007, Exhibit 'A'." The motion will be treated as a request for leave
5  to file a motion to reconsider under Civil Local Rule 7-9(a).

6  In her motion petitioner claims that "an extraordinary remedy, as in writs of habeas
7  corpus, etc., are [sic] abolished and the procedures are now those of a regular action ...,"
8  so she paid the $350 filing fee for an ordinary, non-habeas, civil case. It is not true that
9  writs of habeas corpus have been abolished. Because she is wrong about this, she has
10 failed to establish grounds to file a motion to reconsider. *See* Civil L.R. 7-9(b) (party
11 moving for leave to file a motion to reconsider must specifically show: (1) that at the time of
12 the motion for leave, a material difference in fact or law exists from that which was
13 presented to the court before entry of the interlocutory order for which the reconsideration
14 is sought, and that in the exercise of reasonable diligence the party applying for
15 reconsideration did not know such fact or law at the time of the interlocutory order; or (2)
16 the emergence of new material facts or a change of law occurring after the time of such
17 order; or (3) a manifest failure by the court to consider material facts which were presented
18 to the court before such interlocutory order).

19 The motion (document number 6 on the docket) is **DENIED**. The time for petitioner
20 to file a proper habeas petition is **EXTENDED** to July 23, 2007. If she does not do so a
21 final order of dismissal will be entered and the case will be closed.

23 **IT IS SO ORDERED.**

25 Dated: June 26, 2007.

PHYLLIS J. HAMILTON
United States District Judge

28 G:\PRO-SE\PJH\HC.06\OTTLEY086.RECON

2