UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTEZ SALAMASINA TUIA: OTTLEY,

    Petitioner,

vs.

SHEILA CLARK, Warden,

    Respondent.
                                     /

No. C 06-6086 PJH (PR)

**ORDER OF DISMISSAL**

This case was opened when petitioner, a federal prisoner, filed a document headed "Complaint, Summons to Issue in the Nature of a § 16-1901 *et seq.* Writ of Habeas Corpus per District of Columbia Code." She was convicted in the District of Hawaii and is housed in this district.

Although the cited section of the District of Columbia Code applies only to petitions for habeas corpus filed by "persons within the district," D.C. Code § 16-1901 (2007), and petitioner is housed here, the court concluded in the initial review order that petitioner was attempting to file a habeas case, leaving aside the question of the proper statutory basis for it. The negligence and damages claims were dismissed and the habeas claims were dismissed with leave to amend. Petitioner was given thirty days to file an amended petition containing only the habeas claims and which would "clearly set out how, as to each ground, petitioner contends her rights were violated." She was warned that "her conviction, as opposed to the execution of her sentence, can be attacked only by way of a motion under 28 U.S.C. § 2255 filed in the district of conviction."

///

Instead of amending, petitioner filed what she called "Plaintiff's Verified Notice of Objection in Response to Court's Erroneous Dismissal and Dismissal with Leave to Amend Filed April 9, 2007, Exhibit 'A'." The motion was be treated as a request for leave to file a motion to reconsider under Civil Local Rule 7-9(a). Because the basis for the "Objection" was petitioner's belief that petitions for habeas corpus had been abolished, and because that presupposition was not true, leave to file a motion to reconsider was denied. Petitioner also was given additional time to amend, which she now has done.

The amendment purports to be "In Admiralty." As no basis for this appears, it will be treated as an amended habeas petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut* v. Maine, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

Because the petition fails to provide any coherent basis for habeas relief, it is legally insufficient on its face and will be summarily dismissed. To whatever extent petitioner may intend to present civil rights claims, such claims were dismissed without leave to amend in the initial review order and cannot now be added to this habeas case.

**CONCLUSION**

This case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 7/26/07

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\OTTLEY086.DISM.wpd

2